# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § § § | Criminal No. 1:08cr77-HSO-JMR |
| JEROME H. FOREMAN and CATHERINE C. FOREMAN | § § | |

## ORDER DENYING DEFENDANTS' MOTIONS TO RECONSIDER AND SUPPLEMENTAL MOTIONS TO RECONSIDER

BEFORE THE COURT are the separate Motions to Reconsider [84], [83], and Supplemental Motions to Reconsider [86], [87], filed by Defendants Jerome H. Foreman and Catherine C. Foreman, respectively, on November 12, 2009, and November 24, 2009. The Government opposed [88] the Motions. On July 30, 2009, a jury convicted Defendant Jerome Foreman on Counts 1, 2, 3, 4, 5, and 6 of the Indictment [1], and convicted Defendant Catherine Foreman on Count 6. On October 28, 2009, the Court sentenced both Defendants. Defendants now ask for reconsideration of their sentences of imprisonment. Because this Court lacks jurisdiction to reduce their sentences of imprisonment, their Motions must be denied.

## I. DISCUSSION

Both Defendants contend that they were not shown their respective Presentence Investigation Reports until November 11, 2009, two weeks after their sentencings. They seek additional time to supplement their Motions to Reconsider, on grounds of excusable neglect, pursuant to Federal Rule of Criminal Procedure 45(b)(1)(B). *See* Mots., at p. 1. Defendants wish to now raise objections to the

Presentence Investigation Reports and to include additional information regarding their purported health problems. *See id.* at pp. 1-2. They maintain that their health problems qualify as extraordinary physical impairments which would warrant a downward departure, pursuant to United States Sentencing Guideline § 5H1.4. *See id.*

A.   Jurisdiction

The Court is under a continuing duty to address its jurisdiction, *sua sponte*, if necessary. This Court is prohibited from modifying a sentence of imprisonment once it has been imposed, except under certain limited circumstances, none of which are present. *See* 18 U.S.C. § 3582(c); *United States v. Early*, 27 F.3d 140, 141 (5th Cir. 1994)*; see also United States v. Castelan*, 73 Fed. App'x 80, 2003 WL 21756791, *1 (5th Cir. June 24, 2003). Nor are any of the criteria which would justify correcting or reducing a sentence of imprisonment pursuant to Federal Rule of Criminal Procedure 35 met here. *See* Fed. R. Crim. P. 35. Because Defendants' Motions do not fall under any applicable provision of either section 3582(c) or Rule 35, any reduction in their prison sentences would be unauthorized and without any jurisdictional basis. *See Early*, 27 F.3d at 141; *Castelan*, 2003 WL 21756791, at *1; *see also United States v. Alexander*, 2009 U.S. App. LEXIS 25669, *1 (5th Cir. Nov. 23, 2009) (stating that "[c]omplaints regarding the contents of a PSR must be raised before imposition of sentence"). For this reason, Defendants' Motions must and will be denied. Even assuming the Court possessed jurisdiction to entertain Defendants' Motions, they would nevertheless not be entitled to the relief they seek.

B. <u>Objections to Presentence Investigation Reports</u>

Defendants maintain that they did not see copies of their respective Presentence Investigation Reports until two weeks after their sentencings. The Court has reviewed the entire transcript of both Defendants' sentencings and finds that these contentions are clearly contrary to the record. At the Sentencing Hearing held on October 28, 2009, the Court swore in both Defendants before inquiring whether they had had an opportunity to review their Presentence Investigation Reports with their attorney. Under oath, both responded that they had. Both were also asked whether they had had an opportunity to ask their attorneys any questions about the Reports. Defendant Jerome Foreman responded "not really," and the Court afforded him an opportunity to do so at that time. Following a conference between Mr. Foreman and his attorney, Mr. Foreman told the Court, under oath, that he had asked any questions he had and that he understood his attorney's explanations. Defendant Catherine Foreman acknowledged that she had asked her attorney any questions which she had, and that she understood his explanations. Defendants' counsel likewise confirmed that he had received the Presentence Investigation Reports and had reviewed them with his clients.

Defendants' attorney stated, in their presence, that Defendants had no objections to the Reports and that they agreed that the Reports contained the correct guidelines computations as to each Defendant. Finally, the record reflects that the Court afforded both Defendants the opportunity to say anything they wished to in allocution, prior to the imposition of sentence.

The record is clear that both Defendants were given a full and fair opportunity to review their respective Presentence Investigation Reports with counsel and to raise any objections they may have had prior to imposition of their sentences. Indeed, their attorney even argued for a downward departure or variance from their guideline sentencing ranges, which the Court ultimately granted with respect to Defendant Catherine Foreman. Under the circumstances, reconsideration of Defendants' sentences would not be warranted by the Fifth Amendment to the United States Constitution. *See United States v. Hart*, 120 F.3d 266, 1997 WL 420263, *1 (5th Cir. July 2, 1997) (*citing United States v. Brown*, 715 F.2d 387, 389 (8th Cir. 1983); *United States v. Hodges*, 556 F.2d 366, 369 (5th Cir. 1977) (concluding that sentencing that did not lack fundamental fairness because defendant given ample opportunity at sentencing hearing to rebut information in PSR relied on by district court)).

The Court is further of the opinion that Defendants have not demonstrated any excusable neglect for failing to present any objections they may have had to their Presentence Investigation Reports prior to their sentencings. Defendants have not established sufficient good cause for permitting any extension of time to file supplements to their Motions for Reconsideration, or any late objections to the Presentence Investigation Reports. *See* Fed. R. Crim. P. 45(b)(1)(B); *see also United States v. Vallejo*, 2 F.3d 557, 558 (5th Cir. 1993) (stating that factors supporting the district court's decision not to hold a hearing on a motion to reconsider the extent of a legal downward departure from the sentencing guidelines included that defendant

did not object to court's stated rationale for its sentencing at the sentencing hearing, and that defendant did not object to the Presentence Report, in addition to great deference given to district courts in deciding whether even to depart downward from guidelines).

C. <u>Extraordinary Physical Impairments</u>

Even if the Court had jurisdiction to consider Defendants' untimely objections to the Presentence Investigation Reports, it would nevertheless overrule them. At sentencing, the Court considered Defendants' respective physical conditions, and crafted appropriate sentences.

Pursuant to section 5H1.4 of the United States Sentencing Guidelines, the Court may consider whether an extraordinary physical impairment of a defendant is grounds for a downward departure. *See* U.S.S.G. § 5H1.4. "Departures from the guidelines are within the broad discretion of the Court." *United States v. Adams*, 996 F.2d 75, 78 (5th Cir. 1993) (*citing United States v. Roberson*, 872 F.2d 597, 601 (5th Cir. 1989)). Having reviewed the evidence submitted by Defendants regarding their purported physical impairments, the Court is of the opinion that a downward departure, pursuant to section 5H1.4, would not have been warranted with respect to either Defendant. *See United States v. Guajardo*, 950 F.2d 203, 208 (5th Cir. 1991) (upholding a refusal to depart where the defendant was fifty-five years old, had cancer in remission, high blood pressure, a fused right ankle, an amputated left leg, and drug dependency); *see also, e.g., United States v. Coughlin*, 500 F.3d 813, 818 (8th Cir. 2007) (noting that departure on a physical condition is a discouraged

ground on which to depart and should be limited to exceptional circumstances, and reversing downward departure despite defendant's heart and lung problems, diabetes, obesity and high blood pressure); *United States v. Robinson*, 409 F.3d 979, 981 (8th Cir. 2005) (finding that, in case where defendant suffered from chronic pain, double vision, nausea, and migraines, and had mental illnesses that included severe panic attacks and hysteria, defendant's special physical needs were not extraordinary in the sense that the Bureau of Prisons would be unable to accommodate them and provide proper medical care); *United States v. Johnson*, 318 F.3d 821, 826 (8th Cir. 2003) (holding that the restrictions on the scope of the defendant's activities due to heart problems would be no more in prison than in the outside world, and that imprisonment would not constitute more than normal hardship for defendant or subject him to more than normal inconvenience or danger); *United States v. Krilich*, 257 F.3d 689, 692 (7th Cir. 2001) (holding that none of defendant's conditions of chronic cardiovascular disease, chronic peripheral vascular disease with hypertension, obstructive pulmonary disease, and lower back pain with lumbar and lumbosacral origin, or a combination of those conditions, justified departure because the Bureau of Prisons could treat defendant's conditions); *United States v. Persico*, 164 F.3d 796, 801-06 (2d Cir. 1999) (noting that the standards for a downward departure on medical grounds are strict, and holding that, in case where defendant had a coronary triple bypass and suffered from malignant cancer in one of his kidneys, which was subsequently removed, and severe hypertension, which his doctors described as virtually "a death sentence," district court acted within its

discretion to deny departure because Bureau of Prisons was able to adequately provide care to defendant). Defendants have not demonstrated any "extraordinary" physical impairment which would justify a downward departure or variance. Their respective Motions will therefore be denied.

## II. CONCLUSION

The Court lacks jurisdiction to entertain Defendants' Motions to Reconsider [84], [83], and their Supplemental Motions to Reconsider [86], [87]. They must be denied. Even assuming the Court had jurisdiction, it would deny the Motions.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motions to Reconsider [84], [83], and Supplemental Motions to Reconsider [86], [87], filed by Defendants Jerome H. Foreman and Catherine C. Foreman, on November 12, 2009, and November 24, 2009, should be, and hereby are, **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 2nd day of December, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE